# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff/Respondent,<br>　　vs.<br><br>ISIDRO HERNANDEZ-RAMIREZ,<br><br>　　　　　　　　　Defendant/Petitioner. | CASE NO. 10cv1346 BEN<br>　　　　(09cr2694 BEN)<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO<br>28 U.S.C. § 2255 |

ISIDRO HERNANDEZ-RAMIREZ has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Section 2255 of title 28 of the United States Code provides in relevant part,

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner is not entitled to relief under this statute because he is not in custody as a result of a federal sentence. On July 16, 2009, an Information was filed charging Petitioner with violating 8 U.S.C. § 1326(a). However, the charges were dismissed on August 26, 2009, and no superceding charges were filed. Consequently, Petitioner was not convicted, and he is not in

custody under a federal sentence. His motion does not contain a recognized basis for habeas relief. Instead, it is patently frivolous. It speaks in terms of using a fanciful "surety bond" as some kind of setoff against his non-existent conviction for "post settlement & closure of case number 09cr2694-BEN." Where the files and records of the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied. 28 U.S.C. § 2255(b); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) ("We may affirm the district court if defendant's allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. ").

### Certificate of Appealability

A certificate of appealability is authorized, "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that the issues are debatable among reasonable jurists or that the questions are adequate to deserve encouragement to proceed further. *Hayward*, 603 F.3d at 553. The showing necessitates something above "the absence of frivolity." *Id.* This Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.

### Conclusion

For the above stated reasons, the Court denies Petitioner's motion to vacate, set aside, or correct a sentence and denies the issuance of a certificate of appealability.

**IT IS SO ORDERED**.

DATED: March 3, 2011

Hon. Roger T. Benitez
United States District Judge